**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| HAROLD E. DAVIE,[1] | DOCKET NUMBER |
| Appellant, | SF-0831-18-0327-I-1 |
| v. | |
| OFFICE OF PERSONNEL | DATE: August 7, 2024 |
| MANAGEMENT, | |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[2]

Olivia C. Davie, Apple Valley, California, for the appellant.

Alison Pastor, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision that dismissed her late husband's Board appeal of an Office of Personnel Management

---

[1] Pursuant to 5 C.F.R. § 1201.35(a) and for the reasons set forth herein, the Board substitutes Olivia C. Davie for the appellant. Mrs. Davie will herein be referred to as "the appellant."

[2] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

(OPM) final decision as untimely filed. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

On December 7, 2017, OPM issued a final decision denying the request of the appellant's husband, Harold E. Davie, to elect a survivor annuity benefit under the Civil Service Retirement System (CSRS). Initial Appeal File (IAF), Tab 6 at 7-8. OPM's final decision notice advised that a Board appeal could be filed contesting the disposition within 30 calendar days after the date of the decision or 30 calendar days after receipt of the decision, whichever was later. *Id*. at 8; *see* 5 C.F.R. § 1201.22(b). Mr. Davie received OPM's final decision on December 13, 2017, and filed his Board appeal on February 10, 2018. IAF, Tab 1 at 1, Tab 6 at 12.

Because Mr. Davie's Board appeal appeared to be untimely filed, the administrative judge issued an order providing Mr. Davie with his burden of proof on timeliness. IAF, Tab 4. Mr. Davie never responded to the order. On April 18, 2018, the administrative judge issued an initial decision dismissing

Mr. Davie's Board appeal as untimely filed without good cause shown. IAF, Tab 7, Initial Decision (ID).

On May 14, 2018, Mr. Davie requested an extension of time to file a petition for review of the initial decision with the Board. Petition for Review (PFR) File, Tab 1 at 4. The Office of the Clerk of the Board granted this request and set June 22, 2018, as Mr. Davie's deadline to file any such petition. PFR File, Tab 2 at 1. On December 12, 2018, the appellant filed a motion to substitute herself as the appellant, along with a petition for review of the initial decision. PFR File, Tab 3. The Office of the Clerk of the Board sent a letter to the appellant notifying her that a petition for review that appears to be untimely must be accompanied by a motion for waiver of the time limit and a statement outlining why good cause existed for her late filing. PFR File, Tab 4 at 2-3. In response, the appellant stated that her delay was due to her husband, as he became ill in June 2018, culminating in his death on June 26, 2018. PFR File, Tab 7 at 6-8.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>Mrs. Davie is the appropriate party to substitute as the appellant.</u>

The Board's regulations provide for substitution of a proper party in the event of the death of an appellant. 5 C.F.R. § 1201.35. Substitution is only permitted if the interests of the appellant are not terminated upon his death. 5 C.F.R. § 1201.35(a). Here, the original appellant, Mr. Davie, became ill and died in June 2018 during the adjudication of this petition for review. PFR File, Tab 7 at 6, 9. The Board appeal in this case contests an OPM final decision that rejected Mr. Davie's attempt to elect a survivor annuity benefit. IAF, Tab 2. The appellant, as Mr. Davie's surviving spouse, would be entitled to any CSRS survivor annuity elected by Mr. Davie under 5 U.S.C. § 8341(b) if OPM's final decision at issue is ever reversed. *See Torallo v. Office of Personnel Management*, 56 M.S.P.R. 294, 296-97 (1993) (explaining that upon the death of

an annuitant who elected survivor benefits, the surviving spouse is entitled to receive the survivor annuity). We therefore find that Mr. Davie's interests under 5 U.S.C. § 8341 did not terminate upon his death, making Mrs. Davie a proper party for substitution in this appeal. *Id.* at 296-97 (finding that the surviving spouse was the proper party for substitution where the original appellant's interests regarding a survivor annuity under 5 U.S.C. § 8341 did not terminate upon his death).

Motions to substitute must be filed with the Board within 90 days after the death of a party. 5 C.F.R. § 1201.35(b). The appellant filed her motion to substitute on December 12, 2018, which was more than 90 days after the death of her husband. PFR File, Tab 3 at 2-4. However, in the absence of a timely substitution of a party, the processing of an appeal may continue if the interests of the proper party will not be prejudiced. 5 C.F.R. § 1201.35(c). No such prejudice exists here; thus, we find it appropriate to continue with the processing of this appeal.

<u>The administrative judge properly dismissed the initial appeal as untimely filed.</u>

To be timely, an appeal to the Board must be filed no later than 30 days after the effective date of the action being challenged or 30 days after receipt of the agency's decision, whichever is later. 5 C.F.R. § 1201.22(b). The appellant bears the burden of proof on the issue of timeliness by a preponderance of the evidence.[3] *See Smith v. Office of Personnel Management*, 117 M.S.P.R. 527, ¶ 5 (2012); 5 C.F.R. § 1201.56(b)(2)(i)(B). As the administrative judge correctly found, Mr. Davie filed the initial appeal 29 days after the filing deadline. ID at 3. The administrative judge considered whether Mr. Davie had shown good cause for the delay, but she correctly determined that he did not show that

---

[3] A preponderance of the evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.4(q).

circumstances beyond his control precluded him from timely filing the appeal.[4] ID at 4. Thus, we find that the administrative judge properly dismissed the initial appeal as untimely filed, and we affirm the initial decision.[5]

## NOTICE OF APPEAL RIGHTS[6]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

---

[4] We note that although Mr. Davie did not respond to the administrative judge's timeliness order, he was subsequently able to timely request an extension of the deadline to file his petition for review. PFR File, Tab 1.

[5] Because we agree with the administrative judge that the initial appeal was untimely filed without good cause shown, we decline to address the timeliness of the petition for review. We recognize that the appellant was dealing with the illness and death of her husband, which would justify at least some delay in filing a petition for review. We need not decide whether it would justify the entire 6-month delay in this case.

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you

receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b) (9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx

FOR THE BOARD:

*Gina K. Grippando*

_____

Gina K. Grippando
Clerk of the Board

Washington, D.C.